CIACCIO, Judge.
Plaintiff appeals the district court’s granting of summary judgment in favor of defendant Paul Adam. (In this appeal we do not consider plaintiffs case against other defendants.) We find that the matter was ripe for summary judgment and that the trial judge ruled correctly. We affirm.
Plaintiff went to Williams Washateria to clean her laundry. While her clothes were in the machines she sat near one of the entrances and read a book. Defendant Warren Herbert entered the washateria and forced plaintiff at gunpoint into a room adjacent to the area where the cleaning machines were and within the same building. In this room Herbert raped plaintiff and forced her to do other sexual acts.
Defendant Paul Adam owns the building where Williams Washateria is housed. He leased the premises to the owner/operator of the washateria. Plaintiff sues defendant Adam as owner/lessor of the premises where she was injured. She argues for his strict liability because a defect in the premises, the dark room where the rape occurred, caused her harm. She also alleges liability for his failure to provide adequate security.
There is no genuine issue of material fact. Herbert raped plaintiff. The existence and condition of the room where Herbert raped plaintiff is undisputed. Adam owns the building. Although it is unclear whether the room is part of the area leased to the owner/operator of the washateria, this is not a material fact affecting Adam’s liability — and plaintiff does not argue that it is.
Plaintiff argues that the room constituted a defect in the premises because it was dark and it was accessible from the was-hateria area. The mere existence of a dark room, accessible from an area open to the public does not constitute a defect exposing an owner to strict liability under La.C.C. Art. 2822. Further, the room was not a legal cause of plaintiff’s harm; the existence and accessibility of the room did not cause Herbert to rape plaintiff.
Although plaintiff all but concedes that Adam has no liability for failure to provide security at the washateria, we briefly address this issue. An owner/lessor owes no legal duty to his lessee to protect him from the tortious acts of third persons who claim no right to the leased premises. La.C.C. Art. 2703; Gant v. Flint-Goodridge Hospital of Dillard, 359 So.2d 279 (La.App. 4th Cir.1978). It follows that the landowner owes no such duty to his lessee’s guest. Landry v. St. Charles Inn, Inc., 446 So.2d 1246 (La.App. 4th Cir.1984). Further, there is no duty to control the conduct of a third person so as to prevent him from causing physical harm to another unless a special relation exists between the actor and the other which gives the other a right to protection. Landry v. St. Charles Inn, Inc., supra. No special relation exists between Adam and plaintiff.
Since plaintiff’s damages were not occasioned by any ruin of defendant’s building — there being no ruin and no legal causation by the defect alleged — Adam cannot be found strictly liable under La.C.C. Art. 2322. Since Adam owed no duty to protect plaintiff from the harm she suffered, he cannot be found negligent or at fault under La.C.C. Arts. 2315 and 2316. Defendant Adam, therefore, was entitled to judgment as a matter of law.
Finding no genuine issue of material fact and that Adam was entitled to judgment as a matter of law, we hold that summary judgment in favor of Adam was proper. La.C.C.P. Art. 966. Accordingly, we affirm that judgment.
AFFIRMED.